UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CV-81-F

| | |
|---|---|
| SHARON SOUTHWOOD, for herself, and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CREDIT CARD SOLUTION, a )<br>Texas general partnership or sole )<br>proprietorship; CCDN, LLC, a Nevada )<br>limited liability company; R.K. LOCK & )<br>ASSOCIATES, an Illinois general )<br>partnership d/b/a Credit Collections Defense)<br>Network or CCDN; )<br>ROBERT K. LOCK, JR., ESQ.; COLLEEN )<br>LOCK; PHILIP M. MANGER, ESQ.; and )<br>ROBERT M. "BOB" LINDSEY, )<br>)<br>Defendants. ) | O R D E R |

This matter is before the court on the Motion to Dismiss [DE-48] filed by Defendant Philip M. Manger, and on the failure of several additional defendants to respond to this court's October 23, 2012 Order [DE-46]. In this order, the court presumes familiarity with the procedural and factual background of this case.

## I. MOTION TO DISMISS

Defendant Philip Manger moves, pursuant to Rule 12(b)(2), to dismiss this action for lack of subject matter jurisdiction. Unfortunately for Manger, Federal Rule of Civil Procedure 12 specifically states that a defense of lack of personal jurisdiction is waived if not raised at the same time as all other Rule 12 defenses. *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was

available to the party but omitted from its earlier motion.") and 12(h)(1) (describing lack of personal jurisdiction as a waivable defense); *see also* 5 CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE § 1391 (explaining that "a litigant [must] exercise great diligence in challenging personal jurisdiction, venue, or service of process. If that party wishes to raise any of these defendants, that must be done at the time the first significant defensive move is made–whether it be by way of a Rule 12 motion or a responsive pleading"). Manger previously moved to dismiss [DE-9] the claims against him and did not raise the issue of personal jurisdiction. Accordingly, he has waived the defense of lack of personal jurisdiction, and his motion to dismiss [DE-48] on this basis is DENIED.

Defendant Philip Manger has thirty (30) days to file an answer in this action and response to the Motion to Certify Class.

## II. FAILURE TO RESPOND

In the October 23, 2012, Order [DE-46], the court allowed former defense counsel's Motion to Withdraw [DE-39]. Accordingly, the court ordered that each of the remaining individual Defendants in this action–Robert K. Lock, Colleen Lock, and Philip M. Manger–were to, within 30 days, cause new counsel to file a notice of appearance or file a notice of their individual intention to proceed pro se. Defendants CCDN, LLC, and R.K. Lock & Associates were also ordered to cause new counsel to file a notice of appearance on their behalf within 30 days. Each of these Defendants were specifically warned that the failure to comply with these orders could result in the entry of default against them.

On January 7, 2013, the Clerk of Court filed a notice [DE-52] showing that the copy of the court's October 23, 2012, Order that was sent to Defendants Robert K. Lock, Colleen Lock,

2

and R.K. Lock & Associates was returned as undeliverable. These Defendants have not updated the court as to their address, in violation of Local Civil Rule 83.3. Defendant CCDN, LLC also has failed to cause new counsel to enter a notice of appearance. Consequently, the Clerk of Court is DIRECTED to enter default as to Defendants Robert K. Lock, Colleen Lock, R.K. Lock & Associates, and CCDN, LLC.

## III. CONCLUSION

For the foregoing reasons, Defendant Manger's Motion to Dismiss [DE-48] is DENIED. Defendant Manger has 30 days to file his Answer and his response to the Motion to Certify Class. Additionally, the Clerk of Court is DIRECTED to enter default as to Defendants Robert K. Lock, Colleen Lock, R.K. Lock & Associates, and CCDN, LLC.

SO ORDERED.

This the 30 day of September, 2013.

James C. Fox
Senior United States District Judge

3