UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARON SOUTHWOOD, for herself, and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 7:09-CV-81-F |
| THE CREDIT CARD SOLUTION, et. al, | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CHRIS TAYLOR, for himself and all others similarly situated, et al. | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 7:09-CV-183-F |
| v. | ) ) | |
| LEE W. BETTIS, Jr., Esq. et al. | ) ) | |
| Defendants, | ) | |

This matter is before the court following the failure of Defendant Philip M. Manger to respond to this court's September 30, 2013 Order [DE-53]. Also before the court for consideration is whether to consolidate the instant action with *Taylor v. Bettis*, 7:09-CV-183-F. Additionally, motions to certify the class in both this action and *Taylor v. Bettis*, 7:09-CV-183-F have long been ripe.

For the reasons more fully stated below, (1) the Clerk of Court is directed to enter default against Defendant Philip M. Manger; (2) the court orders that the instant action is consolidated with *Taylor v. Bettis*, 7:09-CV-183-F; and (3) the motions to certify a class in both actions are DENIED without prejudice.

## I. FAILURE TO RESPOND

In the September 30, 2013, Order [DE-53], the court denied Manger's motion to dismiss this action for lack of subject matter jurisdiction, and ordered that he had thirty (30) days to file an answer in this action and a response to the Motion to Certify Class. Manger has failed to do so. Accordingly, the Clerk of Court is DIRECTED to file an entry of default as to Defendant Philip Manger.

## II. CONSOLIDATION

In an order filed on September 30, 2013, in *Taylor v. Bettis*, 7:09-CV-183-F, the court directed the remaining parties to that action to show cause why it should not be consolidated with the instant action.[1] Only the Plaintiffs in the *Taylor* action filed a response, and they indicated they do not oppose consolidation.

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Courts have "broad discretion" to consolidate cases under Rule 42(a). *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir.1977). Consolidation "clearly" satisfies Rule 42(a) when the claims are brought against the same party, rely on the same witnesses, allege the same misconduct, and are answered with the same defenses. *Harris v. L & L Wings, Inc.*, 132 F.3d 978, 982 n. 2 (4th Cir.1997). Although the *Taylor* action includes some additional defendants than those named in the instant action, there is undoubtedly a common question of law and fact overlapping between the two actions.

---

[1] All of the named Defendants in this action are also named defendants in the *Taylor* action.

Accordingly, the court in its discretion CONSOLIDATES cases 7:09-CV-81-F and 7:09-CV-183-F. These two actions shall proceed under one consolidated case number, 7:09-CV-81-F (Consolidated Action). Each filing shall continue to reflect case numbers 7:09-CV-81-F and 7:09-CV-183-F, but shall be filed only in the consolidated action. The Clerk of Court is DIRECTED to administratively close the case file of the 7:09-CV-183-F, and at the appropriate time, the action shall be reopened so that judgment or other proceedings may be entered therein.

### III. MOTIONS TO CERTIFY CLASS

Plaintiffs in both the *Southwood* and *Taylor* actions have moved to certify a class. The court examines the motions in turn.

**A.** *Southwood* **action**

Plaintiff Sharon Southwood has the following surviving claims in this action: (1) a claim for unfair and deceptive trade practices under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.* 9 ("UDTPA") against CCDN, LLC and R.K. Lock & Associates; (2) a claim for fraud against CCDN, LLC and R.K. Lock & Associates; (3) a claim for violation of 18 U.S.C. § 1962(c) of the Racketeer Influence and Corrupt Organizations Act ("RICO") against Robert Lock and Philip Manger; and (4) claims for civil conspiracy and piercing the corporate veil against Robert K. Lock, Colleen Lock, and Philip Manger. Default has been entered against all the remaining defendants.

In her Amended Motion to Certify Class, Plaintiff requests that this court "certify a Class of Plaintiffs consisting of all persons in the United States who gave money to one or more Defendants for debt relief or credit repair services." Amend. Mot. to Certify Class [DE-34].

3

"Although not specifically mentioned in [Rule 23], the definition of the class is an essential prerequisite to maintaining a class action." *Roman v. ESB, Inc.*, 550 F.2d 1343, 1348 (4th Cir. 1976). The definition of the class and subclasses serves three important purposes: "it identifies the persons (1) entitled to relief, (2) bound by a final judgment, and (3) entitled under Rule 23(c)(2) to the 'best practicable notice' in a Rule 23(b)(3) action.'" *Manual for Complex Litigation* § 21.222 at 270 (4th ed. 2004). The definition must accordingly be "precise, objective, and presently ascertainable." *Id.*; *see also NOW v. Scheidler*, 172 F.R.D. 351, 357 (N.D. Ill. 1997) (to constitute an identifiable class, it must be possible to identify class members by reference to objective criteria).

Although a determination must always be made whether a particular person is a member of a class, the definition should not require the court to engage in extensive fact finding to determine an individual's membership in the class. *See Cuming v. South Carolina Lottery Com'n*, No. 3:05-CV-3608-MBS, 02008 WL 906705, at *1 (D.S.C. 31 Mar. 2008). In addition, the class or subclass should not be defined in terms that require resolution of the merits of the case. *Id. Newberg on Class Actions* states that in suits for damages the class or subclass should describe three principal things:

1. a common transactional fact or status predicated on the cause of action, such as purchasers, stockholders, or franchisees;

2. the time span appropriate to the cause of action;

3. any appropriate geographical scope.

Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 6:17 (5th ed.) (*"Newberg"*). Similarly, *The Manual for Complex Litigation* explains:

> The class definition should describe the operative claims, issues, or defenses, such as injury resulting from securities fraud or denial of employment on account of race. The relevant time should be included in the class definition. The relevant time, often referred to as the "class period," is, for example, the period during which members of the proposed class incurred the claimed injury.

*Id.* § 21.222.

In this case, the court finds Plaintiff's proposed definition to be imprecise and overbroad. There is no temporal limitation on the proposed class definition. In the same vein, there is no discussion in the supporting memorandum of law of how varying state laws affect the definition of the class, or if needed, any sub-classes. The Amended Motion to Certify the Class [DE-34] is therefore DENIED without prejudice to renew in 60 days. Any renewed motion must put forth a precise, objective, and presently ascertainable definition of the class or sub-classes, address the relevant factors under Rule 23 in detail, and address the impact, if any of the putative class claims in *Taylor* after the dismissal of claims against certain defendants. Alternatively, should Plaintiff choose not to file a renewed motion to certify a class, she should file an appropriate motion with regard to the action within that same time period.

**B.    *Taylor* action**

All the claims against Lee W. Bettis, Pat Leigh Pittman, Joanne K. Partin, Robert L. Emanuel, Stephen A. Dunn, Raymond E. Dunn, Emanuel & Dunn, PLLC, Bettis Dunn & Dunn, W. Andrew Arnold, and the Law Offices of W. Andrew Arnold, P.C., have been dismissed. Additionally, Plaintiffs' claims against R.K. Lock & Associates; Jen Devine, Robert K. Lock, Jr.; Colleen Tomasino Lock; S. John Hagenstein; The Credit Card Solution; Robert Mitchell Lindsey; Richard D. Russ; Ernest Gregg Britt, Jr., R&G Marketing; Excell Marketing, LLC, and Tracy Webster have been dismissed without prejudice.

5

Plaintiffs assert the following claims against the remaining defendants: (1) constructive trust; (2) unjust enrichment; (3) conversion; (4) violation of North Carolina Racketeer Influence and Corruption Organizations Act, N.C. Gen. Stat. §§ 75D-1, *et seq.* ("NC RICO"); (5) violation of the Credit Repair Organization Act ("CROA"), 15 U.S.C. § 1692 *et seq.*; (6) violation of 18 U.S.C. § 1962(c) and (d) of RICO; (7) civil conspiracy; (8) piercing the corporate veil; (9) tortious interference with prospective business advantage; (10) negligence; (11) violation of UDTPA; (12) fraud and (13) gross and willful legal malpractice. These claims are asserted against the following defendants: (1) CCDN, LLC; (2) Legal Debt Cure, LLC; (3) Philip M. Manger; (4) Barrister Legal Services, PC; (5) Richard Jude Wasik; (6) Richard D. Russ; (7) Rodney Emil Brisco: (8) Debt Jurisprudence Inc.; (9) Aegis Corporation; (10) M. David Kramer; and (11) Marcia M. Murphy. Default has been entered as to all of the remaining defendants, with the exception of Philip M. Manger.

In Plaintiffs' Motion to Certify Class [DE-96], Plaintiffs ask the court "to certify a Class per Fed. R. Civ. P. 23(b)(2) and 23(b)(3) as to all theories of relief in the Amended Complaint (DE23) except common law fraud and legal malpractice . . . . The relevant Class consists of all persons in the United States who paid money to one or more Defendants for any debt elimination, debt reduction, credit repair or litigation assistance plan or services." *Id.*

The same deficiencies found in the proposed definition in the *Southwood* action are also present here. Again, there is no temporal limitation on the proposed class definition, nor any discussion of how varying state laws affect the definition of the class, or if needed, any sub-classes. Accordingly, the Motion to Certify Class [DE-96] is DENIED without prejudice to renew in 60 days. Any renewed motion must put forth a precise, objective, and presently

ascertainable definition of the class or sub-classes, address the relevant factors under Rule 23 in detail, and address the impact, if any of the putative class claims in *Southwood*. Alternatively, should Plaintiffs choose not to file a renewed motion to certify a class, they should file an appropriate motion with regard to the action within the same time period.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) the Clerk of Court is DIRECTED to file an entry of default as to Defendant Philip Manger;

(2) the court in its discretion CONSOLIDATES cases 7:09-CV-81-F and 7:09-CV-183-F. These two actions shall proceed under one consolidated case number, 7:09-CV-81-F (Consolidated Action). Each filing shall continue to reflect case numbers 7:09-CV-81-F and 7:09-CV-183-F, but shall be filed only in the consolidated action. The Clerk of Court is DIRECTED to administratively close the case file of the 7:09-CV-183-F, and at the appropriate time, that action shall be reopened so that judgment or other proceedings may be entered therein;

(3) the Amended Motion to Certify Class [DE-34] filed in 7:09-CV-81-F is DENIED without prejudice to renew in 60 days. Alternatively, should Plaintiff Southwood choose not to file a renewed motion to certify a class, she should file an appropriate motion with regard to the action within that same time period; and

(4) the Motion to Certify Class [DE-96] filed in 7:09-CV-183-F is DENIED without prejudice to renew in 60 days. Alternatively, should Plaintiffs choose not to file a renewed motion to certify a class, they should file an appropriate motion with regard to the action within the same time period.

7

SO ORDERED.

This the 29th day of March, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge