UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARON SOUTHWOOD, for herself, and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 7:09-CV-81-F |
| THE CREDIT CARD SOLUTION, et. al, | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CHRIS TAYLOR, for himself and all others similarly situated, et al. | ) ) ) | |
| Plaintiffs, | ) ) | No. 7:09-CV-183-F |
| v. | ) ) ) | |
| LEE W. BETTIS, Jr., Esq. et al. | ) ) | |
| Defendants, | ) | |

In an order filed on March 27, 2014, the court directed Plaintiff to enter default against Defendant Philip M. Manger; (2) ordered that cases 7:09-CV-81-F and 7:09-CV-183-F be consolidated; and (3) denied the Plaintiffs' motions to certify the class without prejudice to renew within 60 days, or file another appropriate motion.

Plaintiffs timely complied [DE-56], indicating they are not renewing their motions to certify class, but instead "request that jury trial be set as to their individual cases, to be jointly tried at the next available civil session." Pl.'s Resp. to Order on Class Certification and Mot. to Set Jury Trial [DE-56]. The Named Plaintiffs recognize that all remaining defendants are in default, *see id.*, but

contend that "a jury trial will in any event be necessary to determine punitive damages" for the claims of conversion, violations of the Credit Repair Organizations Act, and fraud. *Id.* at 2.

Given that default has been entered as to all the remaining defendants, rather than setting this matter for trial, the court discerns that the most efficient manner to resolve the litigation is for the individual Plaintiffs to file a motion for default judgment. This is especially so because it is not apparent from the motion which individual Plaintiffs are still pursuing this litigation. Resp. to Order [DE-56] at 1. To the extent that Plaintiffs contend that the default judgment should address only liability, and leave the determination of damages to the jury, Plaintiffs should support such a request with persuasive authority and specific reasons why a jury trial is preferable to the court determining damages, whether on the basis of affidavits or an evidentiary hearing. Many courts have determined that a jury trial is not required or unnecessary in the context of default judgment. *See, e.g., Benz v. Skiba, Skiba & Glomski*, 164 F.R.D. 115 (D. Me. 1995) (finding, after plaintiff objected to district court removing case from jury trial calendar where all defendants had defaulted, that plaintiff was not entitled statutorily or constitutionally to a jury trial on damages); *Swoope v. Gary Community School Corp.*, No. 2:10-CV-423-RL, 2011 WL 6826410, at *2 (N.D. Ind. Dec. 28, 2011). The default judgment motion(s) must address which plaintiff is moving for default judgment, and on which claims that individual plaintiff is moving.

To the extent that Plaintiffs move to set this matter for jury trial, the motion [DE-56] is DENIED without prejudice. Plaintiffs are DIRECTED to file a motion for default judgment on or before March 1, 2015.

SO ORDERED. This the 26th day of January, 2015.

2

James C. Fox
Senior United States District Judge

3