IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARON SOUTHWOOD, for herself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| CCDN, LLC, a Nevada limited liability company; R.K. LOCK & ASSOCIATES, an Illinois general partnership d/b/a Credit Collections Defense Network or CCDN; ROBERT K. LOCK, JR., ESQ.; COLLEEN LOCK; and PHILIP M. MANGER, ESQ., | ) ) ) ) ) ) ) ) | No. 7:09-CV-81-F |
| Defendants. | ) ) | |
| CHRIS TAYLOR; WILLIAM G. HARRISON, SR.; LINDA SHERYL LUCAS; CATHY HORTON HUNT; SHARON SOUTHWOOD; and DORMAN and BRENDA BEASLEY, for themselves and all others similarly situated, | ) ) ) ) ) ) ) ) | No. 7:09-CV-183-F |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| CCDN, LLC; LEGAL DEBT CURE, LLC, a Nevada limited liability company; BARRISTER LEGAL SERVICES, P.C.; DEBT JURISPRUDENCE, INC.; AEGIS CORPORATION; RICHARD JUDE WASIK; RODNEY EMIL BRISCO; M. DAVID KRAMER; MARCIA M. MURPHY; and PHILIP M. MANGER, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

*Southwood v. The Credit Card Solution, et al.*
*Taylor, et al. v. Bettis, et al.*
Nos. 7:09-CV-81-F; 7:09-CV-183-F
Page 2

## ORDER

Before the court is the motion [DE 60] for default judgment of Sharon Southwood and others similarly situated and Chris Taylor and others similarly situated (collectively, "Plaintiffs"). On February 26, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [DE 69] recommending the court grant in part and deny in part Plaintiffs' motion. On March 11, 2016, Plaintiffs objected in part to the M&R. For the reasons that follow, the court adopts the M&R as its own and grants in part and denies in part Plaintiffs' motion.

### I. BACKGROUND

The relevant factual allegations, procedural history and applicable law have been exhaustively recounted in the court's October 23, 2012 Order [DE 46] in *Southwood v. The Credit Card Solution*, No. 7:09-CV-81-F (the "*Southwood* Action"), the court's March 27, 2014 Order [DE 120] in *Taylor v. Bettis*, No. 7:09-CV-183-F (the "*Taylor* Action") and in the M&R. This court presumes the parties' familiarity with those opinions and summarizes here only the background essential to the resolution of the pending motion.

This consolidated action[1] was brought against, *inter alia*, the credit repair business CCDN, LLC ("CCDN"), its owners Robert K. Lock, Jr. and Colleen Lock ("the Locks"), its manager Philip M. Manger, and numerous associated entities and individuals, including marketing companies, attorneys and law firms. Plaintiffs allege CCDN, the Locks, Manger and the entities and individuals that CCDN contracted with to market its "product" engaged in

---

[1] The *Southwood* and *Taylor* Actions were initiated on May 14, 2009 and November 10, 2009, respectively. The two actions were consolidated on March 27, 2014. [DE 54, *Southwood* Action].

*Southwood v. The Credit Card Solution, et al.*
*Taylor, et al. v. Bettis, et al.*
Nos. 7:09-CV-81-F; 7:09-CV-183-F
Page 3

fraudulent debt invalidation schemes that purported to eliminate the debt of CCDN's customers and restore their credit ratings. As alleged by Plaintiffs, CCDN and its associated entities and individuals instructed Plaintiffs to stop repaying credit card debt and claimed in so doing, debt collectors would undoubtedly undertake actions in violation of the Fair Debt Collection Practices Act ("FDCPA"). The scheme falsely promoted the idea that simply filing lawsuits based on these numerous violations would allow customers to erase their debts and win court-awarded damages from debt collectors.

In the *Southwood* Action, Southwood initially alleged eight claims for relief[2] for herself and others and named seven defendants. After motion practice, six claims and five defendants remain. The remaining claims are as follows: (1) unfair and deceptive trade practices under the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1, *et seq.*; (2) fraud; (3) violation of 15 U.S.C. § 1679b(a)(3)-(4) and (b) of the Credit Repair Organizations Act ("CROA"); (4) violation of 18 U.S.C. § 1962(c) of the Racketeer and Corrupt Organizations Act ("RICO"), (5) civil conspiracy[3] and (6) piercing the corporate veil. The remaining defendants are CCDN, the Locks, R.K. Lock & Associates ("RKLA") and Manger.

---

[2] In the court's October 23, 2012 Order, it stated that Southwood alleged seven claims for relief and that she also "seeks to pierce the corporate veil of any entity defendants in an effort to hold the individual defendants personally liable for the alleged corporate misdeeds." [DE 46 at 2, *Southwood* Action]. In that same order, the court "assume[d] . . . that the claims [for civil conspiracy and piercing the corporate veil] are adequate." *Id.* at 34. For clarity purposes, the court identifies piercing the corporate veil as one of the eight claims for relief brought by Southwood.

[3] "Under North Carolina law, there is no separate cause of action, per se, for civil conspiracy." *Spirax Sarco, Inc. v. SSI Eng'g, Inc.*, 122 F. Supp. 3d 408, 420 (E.D.N.C. 2015). "Rather, it is a theory of liability, such that once the elements of a civil conspiracy are established, all conspirators are jointly and severally liable for damages resulting from an act performed by any one of them in furtherance of the conspiracy." *Id.* (internal quotation marks and alteration omitted).

*Southwood v. The Credit Card Solution, et al.*
*Taylor, et al. v. Bettis, et al.*
Nos. 7:09-CV-81-F; 7:09-CV-183-F
Page 4

In the *Taylor* Action, plaintiffs brought twelve claims for relief[4] for themselves and others and named 32 defendants. After motion practice, ten claims and ten defendants remain. The remaining claims are as follows: (1) unjust enrichment; (2) conversion; (3) violation of the North Carolina Racketeer Influence and Corruption Organizations Act, N.C. Gen. Stat. § 75D-1, *et seq.* ("NC RICO"); (4) violation of 15 U.S.C. § 1679b(a)(3)-(4) and (b) of CROA; (5) violation of 18 U.S.C. § 1962(c)-(d) of RICO; (6) civil conspiracy; (7) piercing the corporate veil; (8) violation of UDTPA; (9) fraud; and (10) legal malpractice.[5] The remaining defendants are Marcia M. Murphy, M. David Kramer, Debt Jurisprudence, Inc. ("Debt Jurisprudence"), Aegis Corporation ("Aegis"), Rodney Emil Brisco, Legal Debt Cure, LLC ("LDC"), CCDN, Barrister Legal Services, P.C. ("BLS"), Richard Jude Wasik and Manger.

On March 4, 2010, the Clerk of Court entered defaults against *Taylor* defendants Murphy, Kramer, Debt Jurisprudence, Aegis and Brisco. [DEs 72-76, *Taylor* Action]. On March 23, 2010, the Clerk of Court entered defaults against *Taylor* defendants LDC, CCDN, BLS and Wasik.[6] [DEs 84-87, *Taylor* Action]. On September 30, 2013, the court directed the Clerk of Court to enter default as to *Southwood* defendants Robert Lock, Colleen Lock, RKLA

---

[4] The *Taylor* plaintiffs' amended complaint lists thirteen counts. However, count one – imposition of a constructive trust – "is an equitable remedy, not a cause of action in and of itself." *Lyon v. Campbell*, 33 F. App'x 659, 663 (4th Cir. 2002); *cf. Bell v. Kaplan*, No. 3:14-CV-352, 2016 U.S. Dist. LEXIS 24408, at *15 (W.D.N.C. Feb. 29, 2016) (noting "North Carolina law holds that a constructive trust may be requested as a claim or in the prayer for relief") (citation omitted).

[5] The *Taylor* amended complaint names each defendant as to all twelve counts. *See* [DE 23, *Taylor* Action]. In their memorandum, however, they clarify that two of the twelve counts (tortious interference and negligence) were "aimed only" at defendants previously dismissed from this action. *See* Pls.' Mem. Supp. Mot. Default J. at 5 [DE 61, *Southwood* Action].

[6] In the *Taylor* Action, the Clerk of Court entered default against Richard D. Russ on April 13, 2011. [DE 114]. Subsequently, however, the court dismissed Russ for failure to show service. [DE 120].

*Southwood v. The Credit Card Solution, et al.*
*Taylor, et al. v. Bettis, et al.*
Nos. 7:09-CV-81-F; 7:09-CV-183-F
Page 5

and CCDN. [DE 53, *Southwood* Action]. Following consolidation of the *Southwood* and *Taylor* Actions, the Clerk of Court entered default against *Southwood* and *Taylor* defendant Manger on March 28, 2014. [DE 55, *Southwood* Action]. On March 30, 2016, the Clerk of Court entered defaults against *Taylor* defendants Robert Lock, Colleen Lock, RKLA and CCDN. [DE 71, *Southwood* Action].

## II. APPLICABLE LAW

### A. Judicial Review of M&R – 28 U.S.C. § 636(b)

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (alteration, emphasis, and quotation omitted); *see* 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. *Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. Standard for Entry of Default Judgment

Federal Rule of Civil Procedure 55 governs default and default judgment. As noted, default has been entered by the clerk against defendants Murphy, Kramer, Debt Jurisprudence,

*Southwood v. The Credit Card Solution, et al.*
*Taylor, et al. v. Bettis, et al.*
Nos. 7:09-CV-81-F; 7:09-CV-183-F
Page 6

Aegis, Brisco, LDC, CCDN, BLS, Wasik, Manger, Robert Lock, Colleen Lock and RKLA (collectively, "Defendants") pursuant to Rule 55(a). After default has been entered, the Court may enter default judgment against a defendant with or without a hearing. FED. R. CIV. P. 55(b). Based on the well-pleaded factual allegations in the *Southwood* complaint and the *Taylor* amended complaint and the affidavits and documentary evidence submitted by Plaintiffs in support of the instant motion, the court concludes a sufficient basis exists for determining Defendants' liability without the need for a hearing.[7]

Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); FED. R. CIV. P. 8(b) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). However, a non-answering defendant is not held to admit conclusions of law. *Ryan*, 253 F.3d at 780. That is, liability is not deemed established simply because of default. *Id*. Rather, the court still must determine whether the alleged facts are sufficient to state a claim for relief as to each cause of action for which a plaintiff seeks default judgment. *Id*. at 780-81; *DIRECTV, Inc. v. Pernites*, 200 F. App'x 257, 258 (4th Cir. 2006).

If the court determines that liability is established, it must then determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780-81. Well-pleaded allegations in the complaint as to liability are taken as true when a defendant is in default, but not as to damages. Where the damages sought are not for a sum certain, the court must determine the propriety and amount of

---

[7] On December 18, 2015, Judge Numbers held a hearing in this matter, which included testimony by Harrison. [DE 66, *Southwood* Action].

*Southwood v. The Credit Card Solution, et al.*
*Taylor, et al. v. Bettis, et al.*
Nos. 7:09-CV-81-F; 7:09-CV-183-F
Page 7

the default judgment. *See* FED. R. CIV. P. 55(b). Rule 55(b)(2) permits, but does not require, the court to conduct an evidentiary hearing to determine damages. *Id.* The court may also make a determination of damages without a hearing, so long as damages are contained in documentary evidence or detailed affidavits and can be ascertained by computation on the record before the court. *See, e.g., Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (explaining a court may rely on detailed affidavits or documentary evidence – in lieu of a hearing – to determine the appropriate sum) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Finally, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

In sum, the court must (1) determine whether the unchallenged facts in the *Southwood* complaint and the *Taylor* amended complaint constitute legitimate causes of action, and, if so, (2) make an independent determination regarding the appropriate amount of damages.

### III. DISCUSSION

#### A. Defendants' Liability

i. *Southwood* Action

Southwood argues she has established liability as to the following claims: (1) vicarious liability for UDTPA violations against CCDN and RKLA; (2) fraud claim against CCDN and RKLA; (3) § 1679b(a)(3)-(4) and § 1679b(b) CROA claims against CCDN, RKLA, the Locks and Manger; (4) § 1962(c) RICO claim against Robert Lock and Manger; (5) civil conspiracy claim against CCDN, RKLA, the Locks and Manger; and (6) piercing the corporate veil claim against the Locks and Manger.

*Southwood v. The Credit Card Solution, et al.*
*Taylor, et al. v. Bettis, et al.*
Nos. 7:09-CV-81-F; 7:09-CV-183-F
Page 8

The court previously found that Southwood alleged sufficient facts as to the UDTPA, fraud and § 1679b(a)(3)-(4) and § 1679b(b) CROA claims against CCDN and RKLA. *See* [DE 46 at 14, 17, 21, 27, 32, *Southwood* Action]. As to the remaining claims, Judge Numbers found that Southwood sufficiently pled a § 1679b(a)(4) CROA claim against the Locks and Manger, a § 1962(c) RICO claim against Robert Lock and Manger, and a civil conspiracy claim against CCDN, RKLA, the Locks and Manger.[8]

ii.  *Taylor* Action

In *Taylor*, plaintiffs argue they have established liability against Murphy, Kramer, Debt Jurisprudence, Aegis, Brisco, LDC, CCDN, BLS, Wasik and Manger as to each of the following claims: (1) unjust enrichment; (2) conversion; (3) violation of NC RICO; (4) violation of § 1679b(a)(3)-(4) and § 1679b(b) of CROA; (5) violation of 18 U.S.C. § 1962(c)-(d) of RICO; (6) civil conspiracy; (7) piercing the corporate veil; (8) violation of UDTPA; (9) fraud; and (10) legal malpractice.[9] After considering these claims, Judge Numbers found the *Taylor* plaintiffs alleged sufficient facts only as to some claims. In particular, Judge Numbers found as follows:

- Taylor successfully alleged claims for (1) conversion against CCDN; (2) violations of § 1679b(a)(3)-(4) and § 1679b(b) of CROA against CCDN; (3) § 1679b(a)(4) CROA violation against Manger; (4) § 1962(c) RICO violation against Manger; and (5) fraud against CCDN.

---

[8] In particular, Judge Numbers found defendants CCDN, RKLA, the Locks and Manger conspired to commit fraud and violate UDTPA, CROA and RICO. *See* M&R at 25.

[9] The amended complaint indicates that each of the defendants was named as to all twelve counts. However, in their memorandum, the *Taylor* plaintiffs clarify that two (tortious interference and negligence) of the twelve counts were "aimed only" at defendants previously dismissed from this action. *See* Pls.' Mem. Supp. Mot. Default J. at 5 [DE 61, *Southwood* Action].

*Southwood v. The Credit Card Solution, et al.*
*Taylor, et al. v. Bettis, et al.*
Nos. 7:09-CV-81-F; 7:09-CV-183-F
Page 9

- Harrison successfully alleged claims for (1) unjust enrichment against Aegis; (2) conversion against Aegis; (3) violations of § 1679b(a)(3)-(4) and § 1679b(b) of CROA against Aegis; (4) § 1679b(b) CROA violation against CCDN; (5) § 1679b(a)(4) CROA violation against Manger; (6) § 1962(c) RICO violation against Manger; (7) violation of UDTPA against Aegis and CCDN; (8) and civil conspiracy to violate CROA against CCDN and Aegis.

- Lucas successfully alleged claims for (1) § 1679b(a)(4) CROA violation against Manger; and (2) § 1679b(b) CROA violation against CCDN.

- Hunt successfully alleged claims for (1) § 1679b(a)(4) CROA violation against Manger; (2) § 1679b(b) CROA violation against CCDN; and (3) § 1962(c) RICO violation against Manger.

- Southwood successfully alleged a claim for conversion against CCDN.

- The Beasleys successfully alleged claims for (1) § 1679b(a)(3)-(4) CROA violation against CCDN; and (2) § 1679b(a)(4) CROA violation against Manger.

iii.   Adoption of M&R Liability Findings

Upon careful review of the M&R and of the record generally, the court is satisfied that there is no clear error on the face of the record. Plaintiffs lodged no objections to Judge Numbers' liability findings. Accordingly, the court adopts the liability findings of the M&R as its own. Given Plaintiffs sufficiently established Defendants' liability as to the claims identified above, Plaintiffs are entitled to default judgment against Defendants with respect to said claims.

**B.   Remedies Sought**

Although the court finds that Plaintiffs have alleged facts supporting the elements of some of their claims, the court must now determine whether it can properly provide the relief that Plaintiffs seek. Plaintiffs request compensatory damages, treble damages for violations of RICO pursuant to 18 U.S.C. § 1964(c), treble damages for violations of UDTPA pursuant to

Southwood v. The Credit Card Solution, et al.
Taylor, et al. v. Bettis, et al.
Nos. 7:09-CV-81-F; 7:09-CV-183-F
Page 10

N.C. Gen. Stat. § 75-16, 80 to 1 punitive damages,[10] imposition of a constructive trust, attorney's fees and litigation costs.[11]

Based on the affidavits and evidence submitted by Plaintiffs,[12] Judge Numbers found the valid statutory and state law claims allow for damages as follows:

| Plaintiff | Claim | Compensatory Damages | Punitive Damages | Fees & Costs | Defendant Liable for Damages |
|---|---|---|---|---|---|
| **Southwood** | UDTPA | $ 19,800.00 | $ - | No | CCDN, RKLA, the Locks and Manger jointly/severally |
| | Fraud | $ 5,600.00 | $ 16,800.00 | No | CCDN, RKLA, the Locks and Manger jointly/severally |
| | CROA | $ 6,600.00 | $ 19,800.00 | Yes | CCDN, RKLA, the Locks and Manger jointly/severally |
| | RICO | $ 16,800.00 | $ - | Yes | CCDN, RKLA, the Locks and Manger jointly/severally |
| | Conversion | $ 5,600.00 | $ 16,800.00 | No | CCDN |

| Plaintiff | Claim | Compensatory Damages | Punitive Damages | Fees & Costs | Defendant Liable for Damages |
|---|---|---|---|---|---|
| **Taylor** | Conversion | $ 4,500.00 | $ 13,500.00 | No | CCDN |
| | CROA | $ 4,500.00 | $ 13,500.00 | Yes | CCDN or Manager |
| | RICO | $ 13,500.00 | $ - | Yes | Manger |
| | Fraud | $ 4,500.00 | $ 13,500.00 | No | CCDN |

---

[10] Punitive damages are available for violations of CROA pursuant to 15 U.S.C. 1679g(a)(2) and for North Carolina state law claims pursuant to N.C. Gen. Stat. § 1D-15. Punitive damages are not available under RICO. *See* M&R at 85.

[11] Litigation costs and attorney's fees are available under 18 U.S.C. § 1964(c) (RICO), N.C. Gen. Stat. § 75-16.1 (UDTPA) and 15 U.S.C. § 1679g(a)(3) (CROA). *Id.*

[12] *See* Southwood Aff. ¶¶ 16, 28-30 [DE 93-2, *Taylor* Action]; Taylor Aff. ¶ 3 [DE 60-1 at 8, *Southwood* Action]; Harrison Aff. ¶ 54 [DE 96-2 at 16, *Taylor* Action]; Hunt's Cashier's Check [DE 96-3 at 6, *Taylor* Action]; Brenda Beasley Aff. ¶ 4 [DE 60-1 at 7, *Southwood* Action].

*Southwood v. The Credit Card Solution, et al.*
*Taylor, et al. v. Bettis, et al.*
Nos. 7:09-CV-81-F; 7:09-CV-183-F
Page 11

| | | | | | |
|---|---|---|---|---|---|
| **Harrison**[13] | Unjust enrichment | $ 4,200.00 | $ 12,600.00 | No | Aegis |
| | Conversion | $ 4,200.00 | $ 12,600.00 | No | Aegis |
| | CROA | $ 4,200.00 | $ 12,600.00 | Yes | Aegis[14] and CCDN jointly/severally or Manger |
| | RICO[15] | $ - | $ - | No | Manger |
| | UDTPA[16] | $ 12,600.00 | $ - | Yes | Aegis |
| | | $ 4,200.00 | $ 12,600.00 | Yes | |
| **Lucas**[17] | CROA | $ - | $ - | No | CCDN and Manger |
| **Hunt** | CROA | $ 2,500.00 | $ 7,500.00 | Yes | CCDN or Manger |
| | RICO | $ 7,500.00 | $ - | Yes | Manger |

---

[13] Judge Numbers found also that Harrison is entitled to a constructive trust for his claims of unjust enrichment and conversion against Aegis. *See* M&R at 75-77.

[14] Judge Numbers found that Aegis's violations of CROA do not warrant punitive damages given the lack of allegations indicating Aegis's violation was intentional. *See* M&R at 88-89. The punitive damages award against Aegis is by virtue of the allegations supporting the existence of a civil conspiracy between Aegis and CCDN to violate CROA. *See Jackson v. Blue Dolphin Communs. of N.C., L.L.C.*, 226 F. Supp. 2d 785, 791 (W.D.N.C. 2002) ("Once the elements of a civil conspiracy are established, all conspirators are jointly and severally liable for damages resulting from an act performed by any one of them in furtherance of the conspiracy.") (citing *Fox v. Wilson*, 85 N.C. App. 292, 301, 354 S.E.2d 737, 743 (1987)).

[15] Harrison failed to submit an affidavit or documentary evidence or to testify as to his damages attributed to the RICO claim. The court must abide by its obligation to only award damages adequately supported by the record. Accordingly, Harrison is not entitled to a damages award from Manager as to the RICO claim.

[16] A plaintiff may choose between either (1) trebled compensatory damages and fees and costs for UDTPA violations pursuant to N.C.G.S. § 75-16 or (2) untrebled compensatory damages and fees and costs under UDTPA and punitive damages for a state law claim pursuant to N.C.G.S. § 1D-15. *See* M&R at 83 n.25, 85 (citing *United Labs., Inc. v. Kuykendall*, 335 N.C. 183, 195, 437 S.E.2d 374, 381 (1983) (explaining because compensatory damages and punitive damages "serve completely different purposes," there is "no double redress for a single wrong and no inconsistency when a plaintiff recovers untrebled compensatory damages [pursuant to N.C.G.S. § 75-16] and punitive damages under a tortious interference claim")). Accordingly, Judge Numbers found that Harrison may elect to recover either (1) trebled compensatory damages ($12,600) plus fees and costs under UDTPA, or (2) untrebled compensatory damages ($4,200.00) and fees and costs under UDTPA plus punitive damages ($12,600.00) for the conversion or unjust enrichment claims.

[17] Lucas failed to submit an affidavit or documentary evidence or to testify as to her damages. Accordingly, Lucas is not entitled to recover damages from CCDN or Manager.

*Southwood v. The Credit Card Solution, et al.*
*Taylor, et al. v. Bettis, et al.*
Nos. 7:09-CV-81-F; 7:09-CV-183-F
Page 12

| **Beasleys** | CROA | $ 5,000.00 | $ 15,000.00 | Yes | CCDN or Manger |
|---|---|---|---|---|---|

Plaintiffs lodge only one objection to Judge Numbers' findings as to damages. Specifically, Plaintiffs object to the recommendation of a three-to-one ratio of punitive damages to compensatory damages. Plaintiffs argue that this ratio "does not adequately reflect the nature and severity of Defendants' misconduct." Pls.' Objections M&R at 1 [DE 70]. According to Plaintiffs, they are entitled to at least a seven-to-one ratio of punitive damages to compensatory damages. *Id.* The court reviewed Plaintiffs' objection de novo. For the reasons given in the M&R, including its analysis of relevant case law, this objection is overruled.

Plaintiffs Southwood, Taylor, Harrison and Hunt properly pursued alternative theories for relief based on the same facts. A party is prohibited, however, from double redress based on the same wrongful conduct. *Homeland Training Ctr., LLC v. Summit Point Auto. Research Ctr.*, 594 F.3d 285, 293 (4th Cir. 2010) (explaining a plaintiff is prevented "from obtaining a windfall recovery, either by recovering two forms of relief that are premised on legal or factual theories that contradict one another or by recovering overlapping remedies for the same legal injury"); *see United Labs., Inc. v. Kuykendall*, 335 N.C. 183, 437 S.E.2d 374, 379 (1993) (explaining the election of remedies "prevent[s] double redress for a single wrong"). Accordingly, plaintiffs Southwood, Taylor, Harrison and Hunt must each elect one remedy to prevent double recovery.

*Southwood v. The Credit Card Solution, et al.*
*Taylor, et al. v. Bettis, et al.*
Nos. 7:09-CV-81-F; 7:09-CV-183-F
Page 13

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

(1) The Memorandum and Recommendation [DE 69] is ADOPTED.

(2) Plaintiffs' objection [DE 70] is OVERRULED.

(3) Plaintiffs' motion for default judgment [DE 60] is DENIED IN PART and GRANTED IN PART.

(4) Southwood is entitled to default judgment against the following defendants:

   a. **CCDN and R.K. Lock & Associates** on the **UDTPA claim** for monetary damages in the amount of $19,800, recoverable jointly and severally from CCDN, R.K. Lock & Associates, the Locks and Manger.

   b. **CCDN and R.K. Lock & Associates** on the **fraud claim** for compensatory damages of $5,600 and punitive damages of $16,800, recoverable jointly and severally from CCDN, R.K. Lock & Associates, the Locks and Manger.

   c. **Manger, CCDN, and R.K. Lock & Associates** on the **CROA claim** for compensatory damages of $6,600, punitive damages of $19,800, plus litigation costs, including reasonable attorney's fees, recoverable jointly and severally from CCDN, R.K. Lock & Associates, the Locks and Manger.

   d. **Robert Lock and Manger** on the **RICO claim** for monetary damages of $16,800, plus litigation costs, including reasonable attorney's fees, recoverable jointly and severally from CCDN, R.K. Lock & Associates, the Locks and Manger.

   e. **CCDN** on the **conversion claim** for compensatory damages of $5,600 and punitive damages of $16,800, recoverable from CCDN.

(5) Taylor is entitled to default judgment against the following defendants:

   a. **CCDN** on the **conversion claim** for compensatory damages of $4,500 and punitive damages of $13,500, recoverable from CCDN.

   b. **CCDN and Manger** on the **CROA claim** for compensatory damages of $4,500, punitive damages of $13,500, plus the costs of litigation, including reasonable attorney's fees, recoverable from CCDN or Manger.

   c. **Manger** on the **RICO claim** for monetary damages of $13,500, plus costs of litigation, including reasonable attorney's fees, recoverable from Manger.

*Southwood v. The Credit Card Solution, et al.*
*Taylor, et al. v. Bettis, et al.*
Nos. 7:09-CV-81-F; 7:09-CV-183-F
Page 14

    d. **CCDN** on the **fraud claim** for compensatory damages of $4,500 and punitive damages of $13,500 of, recoverable from CCDN.

(6) Harrison is entitled to a default judgment against the following defendants:

    a. **Aegis** on the **unjust enrichment claim** for compensatory damages of $4,200, punitive damages of $12,600 in constructive trust, recoverable from Aegis.

    b. **Aegis** on the **conversion claim** for compensatory damages of $4,200 and punitive damages of $12,600 in constructive trust, recoverable from Aegis.

    c. **Manger, Aegis, and CCDN** on the **CROA claim** for compensatory damages of $4,200, punitive damages of $12,600, the costs of litigation, including reasonable attorney's fees, recoverable either jointly and severally from Aegis and CCDN <u>or</u> from Manger.

    d. **Manger** on the **RICO claim**; however, Harrison is not entitled to a damages award.

    e. **Aegis and CCDN** on the **UDTPA claims** for

        i. monetary damages of $12,600 of monetary damages plus reasonable attorney's fees, recoverable from Aegis; <u>or</u>

        ii. compensatory damages of $4,200, punitive damages of $12,600 and reasonable attorney's fees, recoverable from Aegis.

(7) Lucas is entitled to a default judgment against **CCDN and Manger** on the **CROA claim**; however, Lucas is not entitled to a damages award.

(8) Hunt is entitled to a default judgment against the following defendants:

    a. **CCDN and Manger** on the **CROA claim** for compensatory damages of $2,500, punitive damages of $7,500 and litigations costs, including reasonable attorney's fees, recoverable from CCDN or Manger.

    b. **Manger** on the **RICO claim** for monetary damages of $7,500 plus litigation costs, including reasonable attorney's fees, recoverable from Manger.

*Southwood v. The Credit Card Solution, et al.*
*Taylor, et al. v. Bettis, et al.*
Nos. 7:09-CV-81-F; 7:09-CV-183-F
Page 15

(9) The Beasleys are entitled to a default judgment against **CCDN and Manger** on the **CROA claim** for compensatory damages of $5,000, punitive damages of $15,000 and the costs of litigation, including reasonable attorney's fees, recoverable from CCDN or Manger.

(10) The Clerk of Court is DIRECTED to reopen the *Taylor* Action, No. 7:09-CV-183-F.[18]

(11) Plaintiffs Southwood, Taylor, Harrison and Hunt shall each submit a Notice of Election of Remedy **no later than April 22, 2016**.

(12) The court will direct the Clerk of Court to enter judgment accordingly pending the filing of the notice of the election of remedies.

SO ORDERED.

This the 7th day of April, 2016.

JAMES C. FOX
Senior United States District Judge

---

[18] *See* [DE 120, *Taylor* Action] (directing the Clerk of Court to administratively close the case and advising "[a]t the appropriate time, the [case] shall be reopened so that judgment or other proceedings may be entered therein").