UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARON SOUTHWOOD, for herself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | **7:09-CV-81-F** |
| vs. | ) | |
| CCDN, LLC, a Nevada limited liability company; R.K. LOCK & ASSOCIATES, an Illinois general partnership d/b/a Credit Collections Defense Network or CCDN; ROBERT K. LOCK, JR., ESQ.; COLLEEN LOCK; and PHILIP M. MANGER, ESQ., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) ) | |
| CHRIS TAYLOR; WILLIAM G. HARRISON, SR.; LINDA SHERYL LUCAS; CATHY HORTON HUNT; SHARON SOUTHWOOD; and DORMAN and BRENDA BEASLEY, for themselves and all others similarly situated, | ) ) ) ) ) ) ) | |
| | ) ) | **7:09-CV-183-F** |
| Plaintiffs, | ) | |
| vs. | ) | |
| CCDN, LLC; LEGAL DEBT CURE, LLC, a Nevada limited liability company; BARRISTER LEGAL SERVICES, P.C.; DEBT JURISPRUDENCE, INC.; AEGIS CORPORATION; RICHARD JUDE WASIK; RODNEY EMIL BRISCO; M. DAVID KRAMER; MARCIA M. MURPHY; and PHILIP M. MANGER, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

**Decision by Court.**

This action came before the Honorable James C. Fox, Senior United States District Judge, for ruling as follows:

**IT IS ORDERED, ADJUDGED AND DECREED pursuant to the court's order in 7:09-CV-81-F, dated 10/23/2012** Plaintiffs Motion for Voluntary Dismissal [DE-43] is ALLOWED, and her claims against Defendants Robert M. Lindsey and The Credit Card Solution are DISMISSED without prejudice; Defendants' Motion to Dismiss [DE-9] is ALLOWED in part and DENIED in part; specifically, Plaintiffs claim for legal malpractice is DISMISSED, her claim under RICO against Colleen Lock is DISMISSED, and her claim under NC RICO is DISMISSED without prejudice to her to seek leave to file Amended Complaint attempting to state such a claim; Southwood's Motion for Summary Judgment [DE-17] is DENIED without prejudice to renew; Southwood's Motions to Appoint a Receiver [DE-15, 30, 32, 41] are DENIED and Southwood's Motion to Expedite [DE-45] is ALLOWED.

**IT IS ORDERED, ADJUDGED AND DECREED pursuant to the court's order in 7:09-CV-81-F, dated 9/30/2013**, Defendant Manger's Motion to Dismiss [DE-48] is DENIED. Defendant Manger had 30 days to file his Answer and his response to the Motion to Certify Class. Additionally, the Clerk of Court is DIRECTED to enter default as to Defendants Robert K. Lock, Colleen Lock, R.K. Lock & Associates, and CCDN, LLC.

**IT IS ORDERED, ADJUDGED AND DECREED pursuant to the court's order in 7:09-CV-81-F dated 3/27/2014**, that the Clerk of Court is DIRECTED to file an entry of default as to Defendant Philip Manger; the court in its discretion CONSOLIDATES cases 7:09-CV-81-F and 7:09-CV-183-F. These two actions shall proceed under one consolidated case number, 7:09-CV-81-F (Consolidated Action). Each filing shall continue to reflect case numbers 7:09-CV-81-F and 7:09-CV-183-F, but shall be filed only in the consolidated action. The Clerk of Court is DIRECTED to administratively close the case file of the 7:09-CV-183-F, and at the appropriate time, that action shall be reopened so that judgment or other proceedings may be entered therein; that the Amended Motion to Certify Class [DE-34] filed in 7:09-CV-81-F is DENIED without prejudice to renew in 60 days. Alternatively, should Plaintiff Southwood choose not to file a renewed motion to certify a class, she should file an appropriate motion with regard to the action within that same time period; and the Motion to Certify Class [DE-96] filed in 7:09-CV-183-F is DENIED without prejudice to renew in 60 days. Alternatively, should Plaintiffs choose not to file a renewed motion to certify a class, they should file an appropriate motion with regard to the action within the same time period.

**IT IS ORDERED, ADJUDGED AND DECREED pursuant to the court's order in 7:09-CV-183-F dated 9/30/2014,** that the E&D Defendants' Motion to Dismiss [DE-45] is DENIED; the Arnold Defendants' Motion to Dismiss [DE-52] is ALLOWED; Defendant Manger's Motion to Dismiss [DE-91] is DENIED; Plaintiffs' Motion to Appoint Receiver [DE-94] is DENIED; the E&D Defendants' Motion for Judgment on the Pleadings [DE-98] is ALLOWED in part and all claims except Counts I and III are DISMISSED; Plaintiffs and the E&D Defendants are DIRECTED to submit briefing, within thirty days of the filing date of this order, on the impact, if any, of *Variety Wholesalers* on the Plaintiffs' claims for conversion and constructive trust; Defendant Manger's Motion to Stay the Motion to Appoint Receiver [DE-104] is DENIED; the E&D Defendants' Motion to Expedite [DE-110] is DENIED, and the remaining parties are DIRECTED to show cause, within 30 days, why the instant action should not be consolidated with Civil Action No. 7:09-CV-81 pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

**IT IS ORDERED, ADJUDGED AND DECREED pursuant to the court's order in 7:09-CV-183-F dated 3/27/2014**, the E&D Defendants' Motion for Judgment on the Pleadings [DE-98] is ALLOWED as to the remaining claims against them in this proceeding, and therefore all claims against them are DISMISSED. Additionally, Plaintiffs' claims against R.K. Lock & Associates; Jen Devine, Robert K. Lock, Jr.; Colleen

Tomasino Lock; S. John Hagenstein; The Credit Card Solution; Robert Mitchell Lindsey; Richard D. Russ; Ernest Gregg Britt, Jr., R&G Marketing; Excell Marketing, LLC, and Tracy Webster are DISMISSED without prejudice for failure to show service. Finally, the court in its discretion CONSOLIDATES cases 7:09-CV-81-F and 7:09-CV-183-F. These two actions shall proceed under one consolidated case number, 7:09-CV-81-F (Consolidated Action). Each filing shall continue to reflect case numbers 7:09-CV-81-F and 7:09-CV-183-F, but shall be filed only in the consolidated action. The Clerk of Court is DIRECTED to administratively close the case file of the instant action. At the appropriate time, the instant action shall be reopened so that judgment or other proceedings may be entered therein.

**IT IS ORDERED, ADJUDGED AND DECREED pursuant to the court's order dated 4/7/2016,** The Memorandum and Recommendation [DE 69] is ADOPTED. Plaintiffs' objection [DE 70] is OVERRULED. Plaintiffs' motion for default judgment [DE 60] is DENIED IN PART and GRANTED IN PART. Lucas is entitled to a default judgment against **CCDN and Manger** on the **CROA claim;** however, Lucas is not entitled to a damages award. The Beasleys are entitled to a default judgment against **CCDN and Manger** on the **CROA claim** for compensatory damages of $5,000, punitive damages of $15,000 and the costs of litigation, including reasonable attorney's fees, recoverable from CCDN or Manger. The Clerk of Court is DIRECTED to reopen the *Taylor* Action, No. 7:09-CV-183-F.

**FINALLY, HAVING REVIEWED THE AMENDED ELECTION OF REMEDIES, AND PURSUANT TO THE COURT'S APRIL 7, 2016 ORDER, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:**

(1) Judgment shall enter in favor of Sharon Southwood and against Manger, CCD, and R.K. Lock & Associates for compensatory damages of $6,600, punitive damages of $19,800, plus litigation costs, including reasonable attorney's fees, recoverable jointly and severally from CCDN, R.K. Lock & Associates, the Locks and Manger.

(2) Judgment shall enter in favor of Chris Taylor and against CCDN and Manger for compensatory damages of $4,500, punitive damages of $13,500, plus the costs of litigation, including reasonable attorney's fees, recoverable from CCD or Manger.

(3) Judgment shall enter in favor of William G. Harrison and against Manger, Aegis, and CCDN for compensatory damages of $4,200, punitive damages of $12,600, the costs of litigation, including reasonable attorney's fees, recoverable either jointly and severally from Aegis and CCDN or from Manger.

(4) Judgment shall enter in favor of Linda Sheryl Lucas and against CCDN and Manger. Lucas shall not recover a damages award.

(5) Judgment shall enter in favor of Cathy Horton Hunt and against CCDN and Manger for compensatory damages of $2,500, punitive damages of $7,500 and litigations costs, including reasonable attorney's fees, recoverable from CCDN or Manger.

(6) Judgment shall enter in favor of Dorman and Brenda Beasley against CCDN and Manger for compensatory damages of $5,000, punitive damages of $15,000 and the costs of litigation, including reasonable attorney's fees, recoverable from CCDN or Manger.

(7)   Default judgment is denied as to the following defendants in the *Taylor* action:

      a. Marcia M. Murphy
      b. M. David Kramer
      c. Debt Jurisprudence, Inc.
      d. Rodney Emil Brisco
      e. Legal Debt Cure, LLC
      f. Barrister Legal Services, P.C.
      g. Richard Jude Wasik

(8)   The Clerk of Court is DIRECTED to enter judgment in accordance with this Order.

(9)   The Clerk of Court is DIRECTED to reopen Case No. 7:09-CV-183-F for entry of this Order and judgment.

(10)   The Clerk of Court is DIRECTED to close Case Nos. 7:09-CV-81-F and 7:09-CV-183-F.

**This Judgment Filed and Entered on September 26, 2016, and Copies To:**

Christopher Livingston (via CM/ECF Notice of Electronic Filing)
Lee W. Bettis, Jr. (via CM/ECF Notice of Electronic Filing)

DATE
September 26, 2016

**JULIE RICHARDS JOHNSTON, CLERK**
  /s/ Susan K. Edwards
(By) Susan K. Edwards, Deputy Clerk